# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| CHRISTOPHER L. HUGHES-CANAL, | CV 22-98-H-BMM |
| Plaintiff, | |
| vs. | ORDER |
| LEWIS AND CLARK COUNTY PUBLIC DEFENDER'S OFFICE, STEVEN SCOTT, | |
| Defendants. | |

Plaintiff Christopher L. Hughes-Canal, a pretrial detainee, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) Hughes-Canal alleges his right to effective assistance of counsel has been violated in his pending state criminal proceedings. (*Id*. at 3-4.)

## I.     Motion to Proceed in Forma Pauperis

Hughes-Canal has filed a Motion to Proceed in Forma Pauperis and has submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) No reason exists to delay this matter further. The Court will grant the request to proceed in forma pauperis. Hughes-Canal must pay the statutory $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The account statement he has submitted shows an inability to pay that fee. "[T]he initial partial filing fee may not

1

be exacted if the prisoner has no means to pay it." *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). The Court will waive the initial partial filing fee, and Hughes-Canal may proceed with the case.

Hughes-Canal must pay the filing fee in installments and make monthly payments of twenty percent of the preceding month's income credited to his prison trust account. 28 U.S.C. § 1915(b)(2). Hughes-Canal must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Bruce*, 577 U.S. at 87. The Court in a separate Order will direct the facility where Hughes-Canal is held to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.   Screening Requirement

Hughes-Canal is a prisoner proceeding in forma pauperis. This Court must review his Complaint. *See* 28 U.S.C. §§ 1915, 1915A. The Court will dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading

standards, Rule 8 requires a complaint to "contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than…unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id*. (internal quotation marks omitted).

The Court liberally construes the pleading to determine whether a case should be dismissed for failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F. 2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded on other grounds by Lopez v. Smith*, 203 F. 3d 1122 (9th Cir. 2000).

### III.  Factual Allegations

Hughes-Canal is currently incarcerated at the Lewis and Clark County Detention Center facing criminal charges in Montana state district court, including Partner or Family Member Assault. (*See e.g.*, Doc. 2-1 at 4.) Hughes-Canal claims

that his public defender, Steven Scott, is providing ineffective assistance of counsel, has violated Hughes-Canal's right to remain silent, is biased against him, and has violated Hughes-Canal's right to attorney-client privilege. (Doc. 2 at 3-5.) He claims Mr. Scott is trying to force him into a plea agreement. (*Id*.) Hughes-Canal claims that Mr. Scott turned over a letter to the County Attorney's Office that was intended to be a privileged communication. (*Id*. at 7); (*see also* Doc. 2-1 at 1.)

Hughes-Canal seeks punitive damages for all of the days he has served "under false conditions." (Doc. 2 at 5.) He also asks this Court to appoint outside counsel to represent him and order the letter that was turned over to the County Attorney's Office to be sealed and discarded. (*Id*.)

**IV.     Analysis**

To state a plausible claim under the civil rights statute, a plaintiff must allege a violation of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Crumpton v. Gates*, 947 F. 2d 1418 (9th Cir. 1991). The "color of law" or "state actor" requirement represents "a jurisdictional requisite for a § 1983 action." *West v. Atkins*, 487 U.S. 42, 46 (1988); *Gritchen v. Collier*, 254 F. 3d 807, 812 (9th Cir. 2001).

As a preliminary matter, it appears that Hughes-Canal may have independently contacted the investigating detective in relation to the "privileged"

letter at issue. (*See* Doc. 2-1 at 1.) Additionally, it does not appear that Hughes-Canal is being forced to accept a plea agreement as the matter currently has been scheduled for a jury trial. (*Id.*) Hughes-Canal seeks to sue the public defender representing him, Steven Scott, and the Public Defender's Office. Hughes-Canal fails to state a claim against these potential defendants.

In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court reiterated its earlier holding that criminal defense attorneys are not considered "state actors" under § 1983 because, in their unique function, they are not acting on behalf of the state:

> Indeed, *Polk County v. Dodson*, [454 U.S. 312 (1981)] ... is the only case in which this Court has determined that a person who is employed by the State and who is sued under § 1983 for abusing his position in the performance of his assigned tasks was *not* acting under color of state law. The Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S., at 325. In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. *Id.*, at 321-322. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. *Id.*, at 318-319, 320. The Court accordingly concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary." *Id.*, at 323, n. 13. *See also Lugar v. Edmondson Oil Co.*, 457 U.S., at 936, n. 18.

*Id.* at 50. As a result, Hughes-Canal fails to state a claim under § 1983 against Mr. Scott or the Public Defender's Office.

This Court also will abstain from intervention in Hughes-Canal's state proceedings under the *Younger* abstention doctrine. Federal courts cannot interfere with pending state criminal proceedings absent extraordinary circumstances which create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to a plaintiff's federally protected rights may be eliminated by his defense of the criminal case. "[E]ven irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" *Id*. at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)). "The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983).

*Younger* abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted). A claimant may avoid application of the *Younger* abstention doctrine by demonstrating bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez v. Ledesma*, 401 U.S. 82, 85

(1971). In practical terms, the *Younger* doctrine means that "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (*quoting Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972)).

*Younger* bars this Court's intervention in Hughes-Canal's ongoing criminal case. Following a review of the complaint and the attachments, the Court finds all criteria for *Younger* abstention are met in the present case. First, this matter is currently set for trial. Thus, the matter is ongoing. Second, Hughes-Canal's criminal proceedings implicate Montana's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Third, Hughes-Canal has not demonstrated an inability to raise his constitutional challenges in his state proceedings. He may raise his claims at trial or, if necessary, on appeal. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Finally, granting relief in the instant matter would have the practical effect of enjoining Hughes-Canal's ongoing state proceeding. He has not shown

irreparable injury will occur without this Court's intervention or demonstrated any other extraordinary circumstance. The absence of any compelling circumstance for this Court to intervene leads it to abstain; *Younger* provides an additional basis for dismissal.

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Hughes-Canal has failed to state a claim upon which relief may be granted because the named defendants are not state actors subject to suit under section 1983 and the *Younger* doctrine directs this Court's abstention. These defects could not be cured by amendment. Leave to amend would be futile. This matter will be dismissed.

### "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Hughes-Canal has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016) (*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The dismissal of this case will constitute a strike. *See* 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Hughes-Canal's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

4. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike because the Complaint fails to state a claim upon which relief may be granted.

DATED this 3rd day of January, 2023.

_____
Brian Morris, Chief District Judge
United States District Court